**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ANDREW GREER, #27297-078** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:23cv483** |
| | § | **CRIMINAL ACTION NO. 4:17cr94(1)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant Andrew Greer filed the above-styled and numbered motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND OF THE CASE**

On April 2, 2018, the District Court sentenced Movant to one hundred and twenty months' imprisonment after he pled guilty to possession of stolen firearms, in violation of 18 U.S.C. § 922(j). Movant did not file a direct appeal. On February 1, 2021, Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, claiming he was entitled to relief because of constitutional violations. *See* Civil Action No. 4:21cv157. On June 21, 2021, the Court denied Movant's § 2255 motion because it was not timely filed. On May 22, 2023, Movant filed the instant § 2255 motion. The Government was not ordered to file a Response.

## II.  SUCCESSIVE MOTIONS

A second or successive motion filed by a person attacking a sentence under 28 U.S.C. § 2255 must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals before it can be heard in the district court.  *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005).  The record shows that Movant previously filed a federal petition for habeas relief, which was denied and dismissed with prejudice.  *See* Civil Action No. 4:21v157.  In the instant case, Movant asserts he is entitled to relief based on a change in law as found in  *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and *United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023). Because this is a successive motion, however, the Court lacks jurisdiction to consider it unless leave to file the same is granted by the Fifth Circuit.  *Uranga v. Davis*, 879 F.3d 646, 648 n.3 (5th Cir. 2018) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)) (district court lacked jurisdiction since the movant had filed a prior § 2255 motion, and the Fifth Circuit had not granted permission to file a successive § 2255 motion). Accordingly, the present motion should be dismissed for want of jurisdiction because Movant has not shown he obtained permission from the Fifth Circuit to file a successive § 2255 motion.  *Id*.

## III.  RECOMMENDATION

It is recommended the motion to vacate, set aside, or correct sentence be dismissed without prejudice to Movant's right to file a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant  to 28 U.S.C. §§ 2244(b)(3)(A), 2255.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 1st day of June, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE